**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ANASTACIA RECTOR,<br>Plaintiff,<br>v.<br>DRB GROUP GEORGIA, LLC,<br>Defendant. | Civil Action No.<br>1:24-cv-05594-SDG |

## OPINION AND ORDER

This case is before the Court on the Final Report and Recommendation (R&R) of United States Magistrate Judge Russell G. Vineyard [ECF 100], which recommends that Defendant DRB Group Georgia, LLC's motion for summary judgment [ECF 63] be granted as to *pro se* Plaintiff Anastacia Rector's federal law claims; Rector's motion for summary judgment [ECF 65] be denied; and the Court decline to exercise supplemental jurisdiction over Rector's state law claims. Both parties filed objections [ECFs 103, 110]. Because Rector has not presented evidence from which a reasonable jury could find that DRB discriminated or retaliated against her in violation of Title VII, and the recommended grant of DRB's motion will eliminate all federal law claims prior to trial, the objections are **OVERRULED**, and the R&R is **ADOPTED** in its entirety.

Further, because Rector had a full opportunity to brief summary judgment and objections to the R&R, and the R&R properly applied this Court's Local Rules

on summary judgment, Rector's post-R&R motions for leave to supplement her filings [ECFs 114, 115] are **DENIED**.

## I. APPLICABLE LEGAL STANDARD

A party challenging a report and recommendation issued by a United States Magistrate Judge must file written objections that specifically identify the portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). The district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).

Absent objection, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no clear error on the face of the record. Fed. R. Civ. P. 72(b). The district court has broad discretion in reviewing a magistrate judge's report and recommendation. In addressing objections, it may consider an argument that was never presented to the magistrate judge, and it may also decline to consider a party's argument that was not first presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1290–92 (11th Cir. 2009). Further, "[f]rivolous, conclusive, or general objections need not be

considered by the district court." *Schultz*, 565 F.3d at 1361 (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)).

## II. DISCUSSION

In this case, Rector brings Title VII claims of sexual harassment, sex discrimination, and retaliation against DRB, her former employer, based on two incidents of alleged harassment involving Charles Carter, her former manager's manager, as well as her subsequent termination from DRB. She also brings state law claims based on the alleged sexual harassment.

The R&R recommends that DRB's motion for summary judgment be granted as to Rector's Title VII claims. First, regarding the sexual harassment claims, the R&R concludes that there is no evidence that Rector was terminated because she did not accept Carter's alleged sexual advances, and that the two incidents were not so severe or pervasive enough to create an objectively hostile or abusive work environment. Second, regarding the discrimination claims, the R&R concludes that there is no evidence that would allow a jury to infer intentional discrimination by the decisionmakers behind her termination. Third, regarding the retaliation claims, the R&R concludes that there is no evidence that Rector engaged in statutorily protected activity or that there was a causal connection between any protected activity and her termination. Lastly, because the R&R recommends that summary judgment be granted as to Rector's federal

law claims, the R&R further recommends that the Court decline to exercise supplemental jurisdiction over Rector's state law claims and remand those claims.

Rector filed objections attacking essentially every aspect of the R&R's analysis of her Title VII claims. Undersigned has reviewed the R&R and concludes that it justly and properly applied this Court's Local Rules on summary judgment as well as governing Title VII precedent. Accordingly, Rector's objections are overruled. Additionally, because Rector had a full opportunity to brief summary judgment and objections to the R&R, Rector's post-R&R motions for leave to supplement her filings are denied.

DRB objects that the Court should exercise supplemental jurisdiction over Rector's state law claims, and in any case, the Court may exercise diversity jurisdiction over the state law claims. Under 28 U.S.C. § 1367(c)(3), the Court "may decline to exercise supplemental jurisdiction over a claim" where "the district court has dismissed all claims over which it has original jurisdiction." The Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when . . . the federal claims have been dismissed prior to trial." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) (citing *L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 428 (11th Cir. 1984)). This may include instances where summary judgment is granted as to a plaintiff's federal law claims but not the state law claims. *See Hicks v. Moore*, 422 F.3d 1246, 1255 n.8 (11th Cir.

2005) (remanding to the district court to decide whether to exercise supplemental jurisdiction over state law claims, where the reversal of a denial of summary judgment "in effect[ ] eliminates all federal claims in this case"); *Lowe v. Smith*, 759 F. App'x 797, 809 (11th Cir. 2018) ("Because we affirm the grant of summary judgment to the defendants on the federal claims, we also conclude that it was not an abuse of discretion for the district court to decline to exercise supplemental jurisdiction over [plaintiff's] state law . . . claims and to dismiss those claims without prejudice."). Similarly, undersigned agrees that it is a proper exercise of discretion to decline supplemental jurisdiction here.

As for DRB's alternative argument asserting diversity jurisdiction, undersigned notes that DRB's notice of removal makes no reference to diversity jurisdiction. DRB has not sought to amend the notice of removal, and regardless, "after thirty days, district courts have discretion to permit amendments that correct allegations already present in the notice of removal," but "[c]ourts have no discretion to permit amendments furnishing new allegations of a jurisdictional basis." *Wood v. Crane Co.*, 764 F.3d 316, 323 (4th Cir. 2014) (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831 (1989)); *see also O'Halloran v. Univ. of Washington*, 856 F.2d 1375, 1381 (9th Cir. 1988) (same); *Main & Assocs., Inc. v. Blue Cross & Blue Shield of Ala.*, 776 F. Supp. 2d 1270, 1278 (M.D. Ala. 2011) ("[T]his Court has held that a party may not assert a new and different basis for removal

more than thirty days after the case has become removable.") (citation omitted); *Ervast v. Flexible Prods. Co.*, 346 F.3d 1007, 1012 n.4 (11th Cir. 2003) ("[W]e decline the invitation to exercise jurisdiction on [an additional] basis because [defendant] had the burden to plead this basis in its notice of removal, and it did not."). Accordingly, DRB's objections are overruled, and undersigned declines to exercise supplemental jurisdiction over Rector's state law claims, which will be remanded to state court.

## III. CONCLUSION

The parties' objections to the R&R [ECFs 103, 110] are **OVERRULED**, and undersigned **ADOPTS** the R&R [ECF 100] as the Order of this Court. DRB's motion for summary judgment [ECF 63] is **GRANTED** as to Rector's federal law claims in Counts I and II but **DENIED without prejudice** as to her remaining state law claims, as the Court declines to exercise subject matter jurisdiction over those claims. Rector's motion for summary judgment [ECF 65] is **DENIED**. Rector's post-R&R motions for leave to supplement her filings [ECFs 114, 115] are likewise **DENIED**.

The Clerk of Court is **DIRECTED** to **REMAND** this case to the Superior Court of Fulton County, Georgia and to close this action.

**SO ORDERED** this 28th day of September, 2026.

Steven D. Grimberg
United States District Judge